UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CIVIL ACTION NO:

| | |
|---|---|
| **Federal National Mortgage Association** | |
| **Plaintiff** | |
| vs. | **COMPLAINT** |
| **Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell** | RE: 10 Chickadee Lane, Bridgton, ME 04009 |
| **Defendants** | |
| **St. Mary's Regional Medical Center** **Discover Bank** | Mortgage: October 7, 2005 Book 23270, Page 43 |
| **Parties-in-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Federal National Mortgage Association, and the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by the Plaintiff, Federal National Mortgage Association, in which the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are the obligors and the total amount owed under the terms of the Note is Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Federal National Mortgage Association, is a corporation organized under the laws of the United States of America, with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, Texas 75254

5. The Defendant, Ralph S. Burnell, is a resident of Bridgton, County of Cumberland and State of Maine.

6. The Defendant, Alicia C. Burnell a/k/a Alicia C. Sidell, is a resident of Bridgton, County of Cumberland and State of Maine.

7. The Party-in-Interest, St. Mary`s Regional Medical Center, is located at 93 Campus Avenue, Lewiston, ME 04240.

8. The Party-in-Interest, Discovery Bank, is located at 502 E. Market Street, Green, DE 19950

## FACTS

9. On November 19, 2004, by virtue of a Warranty Deed from Thomas J. Acker, Personal Representative of the Estate of J. Bruce Acker, which is recorded in the Cumberland County Registry of Deeds in **Book 22045, Page 115**, the property situated at 10 Chickadee Lane, County of Cumberland, and State of Maine, was conveyed to the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On October 7, 2005, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, executed and delivered to Homecomings Financial Network, Inc. a certain Note in the amount of $140,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on October 7, 2005, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Homecomings Financial Network, Inc., securing the property located at 10 Chickadee Lane, Bridgton, ME 04009 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23270, Page 43**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated March 21, 2012 and recorded in Cumberland County Registry of Deeds in **Book 29483, Page 13**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of a Corporate Assignment of Mortgage dated November 18, 2014 and recorded in Cumberland County Registry of Deeds in **Book 31989, Page 26**. *See* Exhibit E (a true and correct copy of the Corporate Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated March 20, 2015 and recorded in Cumberland County Registry of Deeds in **Book 32976, Page 60**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 2, 2016 and recorded in Cumberland County Registry of Deeds in **Book 33331, Page 142**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. St. Mary`s Regional Medical Center is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,341.75, dated June 11, 2012, which is recorded in the Cumberland County Registry of Deeds in **Book 29742, Page 182** and is in second position behind plaintiff's mortgage.

17. Discover Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,642.71 dated November 8, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 30147, Page 45** and is in third position behind Plaintiff's Mortgage.

18. On August 22, 2016, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, were sent a Notice of Mortgagor's Right to Cure, which is evidenced by the Certificate of Mailing dated August 22, 2016 (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

20. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have failed to cure the default prior to the expiration of the Demand Letter.

21. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are not in the Military.  *See* Exhibit I (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

22. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

24. The total debt owed under the Note and Mortgage as of February 24, 2017, Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Eighty Two Dollars and Fifty Six Cents ($131,282.56); interest due in the amount of Fifty Six Thousand Four Hundred Fifteen Dollars and Eighty Cents ($56,415.80); escrow advances in the amount of Seventeen Thousand Four Hundred Twenty Six Dollars and Thirty Eight Cents ($17,426.38); late fees in the amount of One Thousand Six Hundred Sixty Four Dollars and Thirty Cents ($1,664.30); lender paid expenses in the amount of Forty Four Thousand One Hundred Forty Two Dollars and Sixty Three Cents (($44,142.63);

and legal fees in the amount of Four Thousand One Hundred Five Dollars and Zero Cents (4,105.00).

25. Upon information and belief, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

26. The Plaintiff, Federal National Mortgage Association repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure respecting a real estate related mortgage and title located at 10 Chickadee Lane, Bridgton, County of Cumberland, and State of Maine. *See* Exhibit A.

28. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

29. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2011, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of February 24, 2017, Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Eighty Two Dollars and Fifty Six Cents ($131,282.56); interest due in the amount of Fifty Six Thousand Four Hundred Fifteen Dollars and Eighty Cents ($56,415.80); escrow advances in the amount of Seventeen Thousand Four Hundred Twenty Six Dollars and Thirty Eight Cents ($17,426.38); late fees in the amount of One Thousand Six Hundred Sixty Four Dollars and Thirty Cents ($1,664.30); lender paid expenses in the amount of Forty Four Thousand One Hundred Forty Two Dollars and Sixty Three Cents (($44,142.63); and legal fees in the amount of Four Thousand One Hundred Five Dollars and Zero Cents (4,105.00).

32. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants' breach of condition, the Plaintiff, Federal National Mortgage Association, hereby demands a foreclosure on said real estate.

34. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, on August 22, 2016, as evidenced by the Certificate of Mailing.  *See* Exhibit H.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On October 7, 2005, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, executed and delivered to Homecomings Financial Network, Inc. a certain Note in the amount of $140,000.00.  *See* Exhibit B.

37. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are in default for failure to properly tender the July 1, 2011 payment and all subsequent payments.  *See* Exhibit H.

38. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell.

39. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

40. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell's breach is knowing, willful, and continuing.

41. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell's breach have caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of February 24, 2017, Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Eighty Two Dollars and Fifty Six Cents ($131,282.56); interest due in the amount of Fifty Six Thousand Four Hundred Fifteen Dollars and Eighty Cents ($56,415.80); escrow advances in the amount of Seventeen Thousand Four Hundred Twenty Six Dollars and

Thirty Eight Cents ($17,426.38); late fees in the amount of One Thousand Six Hundred Sixty Four Dollars and Thirty Cents ($1,664.30); lender paid expenses in the amount of Forty Four Thousand One Hundred Forty Two Dollars and Sixty Three Cents (($44,142.63); and legal fees in the amount of Four Thousand One Hundred Five Dollars and Zero Cents (4,105.00).

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, entered into a written contract with Homecomings Financial Network, Inc. who agreed to loan the amount of $140,000.00 to the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell.  *See* Exhibit B.

46. As part of this contract and transaction, the Defendants Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

47. Federal National Mortgage Association is the proper holder of the Note and successor-in-interest to Homecomings Financial Network, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2011, payment and all subsequent payments.  *See* Exhibit H.

49. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell.

50. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

51. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are indebted to the Plaintiff, Federal National Mortgage Association, the amount of Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), for money lent by the Plaintiff, Federal National Mortgage Association to the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell.

52. Defendants Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell's breach is knowing, willful, and continuing.

53. Defendants Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell's breach haves caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of February 24, 2017, Two Hundred Fifty Five Thousand Thirty Six Dollars and Sixty Seven Cents ($255,036.67), which includes unpaid principal in the amount of One Hundred Thirty One Thousand Two Hundred Eighty Two Dollars and Fifty Six Cents ($131,282.56); interest due in the amount of Fifty Six Thousand Four Hundred Fifteen Dollars and Eighty Cents ($56,415.80); escrow advances in the amount of Seventeen Thousand Four Hundred Twenty Six Dollars and Thirty Eight Cents ($17,426.38); late fees in the amount of One Thousand Six Hundred Sixty Four Dollars and Thirty Cents ($1,664.30); lender paid expenses in the amount of

Forty Four Thousand One Hundred Forty Two Dollars and Sixty Three Cents (($44,142.63); and legal fees in the amount of Four Thousand One Hundred Five Dollars and Zero Cents (4,105.00).

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Homecomings Financial Network, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, $140,000.00. *See* Exhibit B.

58. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are in default for failure to properly tender the July 1, 2011 payment and all subsequent payments. *See* Exhibit H.

59. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have been unjustly enriched at the expense of the Plaintiff, Federal National Mortgage Association.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

61. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Homecomings Financial Network, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, $140,000.00.  *See* Exhibit B.

63. The Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

64. As a result, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Homecomings Financial Network, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are in breach of the Note by failing to make payment due as of July 1, 2011, and all subsequent payments;

d) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are in breach of the Mortgage by failing to make payment due as of July 1, 2011, and all subsequent payments;

e) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2011 and all subsequent payments;

g) Find that Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, are liable to the Plaintiff. Federal National Mortgage Association, for quantum meruit;

l) Find that the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Ralph S. Burnell and Alicia C. Burnell a/k/a Alicia C. Sidell, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Fifty Five Thirty Six Dollars and Sixty Seven Cents ($255,036.67), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: April 5, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670